UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAIME MARTINEZ HERNANDEZ,

                Plaintiff,

         -against-

ROBERT BRYANT; JUAN O. PELHAM;
DERRICK MORRIS,

                Defendants.

21-CV-01756 (CM)

ORDER OF DISMISSAL

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, a Brooklyn resident appearing *pro se*, brings this action against two neighbors in his apartment building and the building superintendent. By order dated March 3, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

    A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff's complaint is not a model of clarity. He uses the Court's general complaint form, invokes the Court's federal question jurisdiction, and alleges that defendants are "witchcrafting terrorist[s]" who are violating his civil rights. (ECF 2 ¶ I.) Plaintiff alleges that he has been "tortured" and "horribly terrorized" with "atomic radioactivity weapons" at various locations in Brooklyn and Manhattan, causing his hair and teeth to fall out. (*Id.* ¶ III.) The relief section of the complaint is blank. (*Id.* ¶ IV.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Plaintiff's claims concerning the use of atomic radiation against him in his Brooklyn Apartment building must be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

Plaintiff previously asserted substantially similar claims in a complaint that the Court dismissed as frivolous. *See Martinez v. Nicholson*, ECF 1:18-CV-12284, 5 (S.D.N.Y. Apr. 12, 2019)(dismissing complaint against neighbors as frivolous). Plaintiff warned that further duplicative or frivolous litigation in this Court may result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 5, 2021
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge